SIMPSON THACHER & BARTLETT LLP
GEORGE M. NEWCOMBE (202898) gnewcombe@stblaw.com
JEFFREY E. OSTROW (213118) jostrow@stblaw.com
HARRISON J. FRAHN IV (206822) hfrahn@stblaw.com
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Attorneys for Plaintiff
COLLABORATION PROPERTIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATION PROPERTIES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>TANDBERG ASA, and TANDBERG, INC., a Delaware corporation,<br><br>Defendants. | Case No. C 05 01940<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff COLLABORATION PROPERTIES, INC. ("CPI"), by and through its undersigned counsel, hereby alleges as follows:

**Parties**

1. CPI is a Nevada corporation, with its headquarters and principal place of business in Redwood Shores, California.

2. CPI (and its predecessor) sought and obtained patent protection pertaining to many inventions covering leading innovations in teleconferencing hardware and software. The inventions protected by CPI's patents resulted from the investments of large monetary sums in research and development.

3. On information and belief, Tandberg, Inc. is a Delaware corporation, with its headquarters and principal place of business in New York, New York.

4. Tandberg ASA (together with Tandberg, Inc., "Tandberg") is located in Lysaker, Norway. Upon information and belief, Tandberg ASA is the parent corporation of Tandberg, Inc.

5. Tandberg distributes and sells teleconferencing hardware and software products, including but not limited to the MXP line of products and H.323 compliant products. Collectively, the above products will be called "the Accused Tandberg Products." CPI is informed and believes and based thereon alleges that the Accused Tandberg Products have infringed and continue to infringe several U.S. Patents owned by CPI. CPI accordingly seeks monetary damages to remedy Tandberg's past infringement of the patents and an injunction to prevent Tandberg from further acts of infringement.

## Jurisdiction and Venue

6. This is an action arising under the patent laws of the United States, Title 35 of the United States Code. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

8. Tandberg is doing business within the United States, including this Judicial District, by manufacturing, selling, offering to sell, and/or using its products directly or through other intermediaries in this Judicial District and throughout the United States.

## Intradistrict Assignment

9. This action is appropriate for assignment to the San Francisco division of this Court because a substantial part of the events or omissions giving rise to CPI's claims occurred in counties located within the San Francisco division of this Court.

COMPLAINT FOR PATENT INFRINGEMENT       2
DEMAND FOR JURY TRIAL

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. United States Patent No. 5,867,654 ("the '654 patent"), entitled *Two Monitor Videoconferencing Hardware*, was duly and lawfully issued on February 2, 1999. CPI is the assignee of all right, title and interest in the '654 patent. A true and correct copy of the '654 patent is attached hereto as Exhibit A.

11. United States Patent No. 5,896,500 ("the '500 patent"), entitled *System For Call Request Which Results In First And Second Call Handle Defining Call State Consisting Of Active Or Hold For Its Respective AV Device*, was duly and lawfully issued on April 20, 1999. CPI is the assignee of all right, title and interest in the '500 patent. A true and correct copy of the '500 patent is attached hereto as Exhibit B.

12. United States Patent No. 6,212,547 ("the '547 patent"), entitled *UTP Based Video And Data Conferencing*, was duly and lawfully issued on April 3, 2001. CPI is the assignee of all right, title and interest in the '547 patent. A true and correct copy of the '547 patent is attached hereto as Exhibit C.

13. Collectively, the '654, '500 and '547 patents will be called "the CPI Patents."

14. Upon information and belief, the Accused Tandberg Products infringe one or more claims of the CPI Patents. Tandberg has been aware of the CPI Patents for years, and knew or should have known that it infringed the CPI patents since at least January 2003.

15. Tandberg has manufactured, used, caused to be used, offered to sell and/or sold the Accused Tandberg Products in this Judicial District and elsewhere in the United States.

## CLAIMS

### FIRST COUNT

**(Infringement of the '654 Patent)**

16. CPI incorporates by reference the allegations set forth in Paragraphs 1-15 of this Complaint, as though fully set forth herein.

17. CPI is informed and believes, and on that basis alleges, that Tandberg has infringed and is currently infringing the '654 patent, has contributed and is currently contributing

to the infringement of the '654 patent, and/or has actively induced and is actively inducing others to infringe the '654 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful and infringing, including but not limited to the making, using, offering for sale or selling one or more of the Accused Tandberg Products. All such acts have been without authority or license from CPI.

18. Tandberg has been aware of the '654 patent for years. Tandberg knew or should have known that it infringed the '654 patent since at least January 2003.

19. Upon information and belief, Tandberg's infringement, inducement of infringement and/or contributory infringement of the '654 patent has been and continues to be willful and deliberate, and without regard for CPI's rights in the '654 patent. Upon information and belief, unless enjoined by this Court, Tandberg will continue activities causing damage and irreparable harm to CPI.

## SECOND COUNT

### (Infringement of the '500 Patent)

20. CPI incorporates by reference the allegations set forth in Paragraphs 1-19 of this Complaint, as though fully set forth herein.

21. CPI is informed and believes, and on that basis alleges, that Tandberg has infringed and is currently infringing the '500 patent, has contributed and is currently contributing to the infringement of the '500 patent, and/or has actively induced and is actively inducing others to infringe the '500 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful and infringing, including but not limited to the making, using, offering for sale or selling one or more of the Accused Tandberg Products. All such acts have been without authority or license from CPI.

22. Tandberg has been aware of the '500 patent for years. Tandberg knew or should have known that it infringed the '500 patent since at least January 2003.

23. Upon information and belief, Tandberg's infringement, inducement of infringement and/or contributory infringement of the '500 patent has been and continues to be willful and deliberate, and without regard for CPI's rights in the '500 patent. Upon information and belief, unless enjoined by this Court, Tandberg will continue activities causing damage and irreparable harm to CPI.

## THIRD COUNT

### (Infringement of the '547 Patent)

24. CPI incorporates by reference the allegations set forth in Paragraphs 1-23 of this Complaint, as though fully set forth herein.

25. CPI is informed and believes, and on that basis alleges, that Tandberg has infringed and is currently infringing the '547 patent, has contributed and is currently contributing to the infringement of the '547 patent, and/or has actively induced and is actively inducing others to infringe the '547 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful and infringing, including but not limited to the making, using, offering for sale or selling one or more of the Accused Tandberg Products. All such acts have been without authority or license from CPI.

26. Tandberg has been aware of the '547 patent for years. Tandberg knew or should have known that it infringed the '547 patent since at least January 2003.

27. Upon information and belief, Tandberg's infringement, inducement of infringement and/or contributory infringement of the '547 patent has been and continues to be willful and deliberate, and without regard for CPI's rights in the '547 patent. Upon information and belief, unless enjoined by this Court, Tandberg will continue activities causing damage and irreparable harm to CPI.

### PRAYER FOR RELIEF

WHEREFORE, CPI prays for the following relief:

a) A judgment by the Court that the Accused Tandberg Products infringe the CPI Patents;

b) A judgment by the Court that Tandberg is liable for contributory infringement and inducement of infringement of the CPI Patents;

c) A judgment by the Court that Tandberg's infringement of the CPI Patents has been and continues to be willful;

e) Preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Tandberg, its officers, agents, servants, employees, successors, assigns and all other persons or entities acting in concert or participation with Tandberg, from further infringement,

including contributory infringement and inducement of infringement, of the CPI Patents;

      f)    An award of damages to compensate CPI for Tandberg's past and present infringement, including preliminary, pre- and post-judgment interests and costs, pursuant to 35 U.S.C. § 284, first paragraph;

      g)    An award of treble damages based on the willfulness of Tandberg's infringement, pursuant to 35 U.S.C. § 284, second paragraph;

      h)    A judgment by the Court that this case is exceptional and an award to CPI of its reasonable attorney fees, disbursements, and costs in accordance with the law, including, but not limited to, 35 U.S.C. § 285; and

      i)    For such other, further or different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

CPI demands a trial by jury for all claims in this action.

Dated: May 11, 2005

Respectfully submitted,

By _____
GEORGE M. NEWCOMBE

Attorneys for Plaintiff
COLLABORATION PROPERTIES, INC.

SIMPSON THACHER & BARTLETT LLP
GEORGE M. NEWCOMBE (202898)
JEFFREY E. OSTROW (213118)
HARRISON J. FRAHN IV (206822)
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002