George M. Newcombe (202898)
  gnewcombe@stblaw.com
Jeffrey E. Ostrow (213118)
  jostrow@stblaw.com
Harrison J. Frahn IV (206822)
  hfrahn@stblaw.com
SIMPSON THACHER & BARTLETT
3330 Hillview Avenue
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

Attorneys for Plaintiff and Counter Defendant
COLLABORATION PROPERTIES, INC.

William L. Anthony (106908)
  wanthony@orrick.com
I. Neel Chatterjee (173985)
  nchatterjee@orrick.com
Rory G. Bens (201674)
  rbens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: (650) 614-7400
Facsimile:  (650) 614-7401

Attorneys for Defendants and Counter Plaintiffs
TANDBERG ASA and TANDBERG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATION PROPERTIES, INC., a Nevada corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>TANDBERG ASA, and TANDBERG, INC., a Delaware corporation,<br><br>　　　　Defendants/Counter-Plaintiffs. | Case No. CV 05-01940 MHP<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

　　　　WHEREAS, the parties agree that protection of designated information produced during discovery in this action is warranted because plaintiff and counter-defendant Collaboration Properties, Inc. ("CPI") and defendants and counter-plaintiffs Tandberg ASA and Tandberg, Inc. (collectively "Tandberg") each possesses, controls, or has in its custody certain non-public information that it considers to be highly confidential, the public disclosure of which would present the prospect of competitive harm, and the volume of this non-public information is such that an advance review and designation by the Court would be impractical.

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 7-11, and upon stipulation of the parties, the Court hereby enters the following Protective Order to govern the discovery process:

1. Any information disclosed in the above-captioned litigation by a signatory to this agreement (the "Producing Party") that the Producing Party believes in good faith to constitute a trade secret or other confidential research, development, or commercial information may be designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by the Producing Party in the manner set forth herein. "Confidential Information" is defined as information that has not been made public and that the Producing Party believes in good faith would more likely than not cause competitive harm to the Producing Party if publicly known. "Confidential Information – Attorneys' Eyes Only" is defined as information that has not been made public and that the Producing Party believes in good faith would cause the Producing Party to suffer substantial competitive harm if publicly known or known by agents or employees of the Parties who would have access under this Order only to Confidential Information.

2. Confidential Information and Confidential Information – Attorneys' Eyes Only disclosed to a party (the "Receiving Party") in the course of this litigation: (a) may be used by the Receiving Party solely in connection with this litigation and for no other purpose; and (b) shall in any event not be disclosed by the Receiving Party to anyone, including officers, employees or agents of the Receiving Party, except in compliance with the terms hereof.

3. Subject to the other terms of this Stipulation and Protective Order, information designated "Confidential Information – Attorneys' Eyes Only" may be made available by a Receiving Party only to the following persons, for use in connection with this litigation:

   a. outside attorneys of record herein for the Receiving Party and other members or employees of their firm(s) who are working on this litigation ("Counsel of Record");

   b. clerical and administrative personnel, such as secretaries and paralegals, regularly employed by Counsel of Record and working under Counsel of Record's supervision in connection with this litigation;

   c. persons who have been retained by the Receiving Party specifically to provide translation or interpretation from one language to another of Confidential Information – Attorneys' Eyes Only;

  d. persons who have been retained by the Receiving Party or its Counsel of Record specifically to provide expert assistance or advice in this litigation (collectively referred to as "Independent Advisors"), and persons regularly employed by Independent Advisors, to the extent necessary, when working under the supervision of such an Independent Advisor in connection with this litigation, subject to the provision of Section 5 below;

  e. deposition or trial witnesses who authored or received the Confidential Information – Attorneys' Eyes Only in the ordinary course of business, or deposition or trial witnesses who the examining attorney has a good faith basis to believe authored or received the Confidential Information – Attorneys' Eyes Only in the ordinary course of business;

  f. the Court and its employees;

  g. members of the jury in this case;

  h. court reporters, stenographers, or videographers, or other persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

  i. persons who have been retained by the Receiving Party or its Counsel of Record specifically to consult with regard to jury-or trial-related matters, including the composition of the jury in this litigation (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with this litigation;

  j. persons who have been retained by the Receiving Party or its Counsel of Record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this litigation (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with this litigation; and

  k. any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order direct;

<u>provided that</u> any person described in categories 3(c)-(d) and (i)-(j) above to whom Confidential Information – Attorneys' Eyes Only is disclosed shall, prior to any such disclosure, execute a Certificate in the form annexed hereto as Exhibit A. Such Certificates shall be retained by Counsel of Record making such disclosure, and shall be made available to Counsel of Record for the Producing Party upon a showing of good cause.

  4. Subject to the other terms of this Order, information designated "Confidential Information" may be made available by a Receiving Party only to those persons described in Section 3 above and to (1) Receiving Party officers, directors, and employees whose assistance is needed by Counsel of Record for engaging in this litigation or preparing this case for

trial; and (2) the Receiving Party's outside counsel other than Counsel of Record whose assistance is needed by the Receiving Party for engaging in this litigation or preparing this case for trial; <u>provided that</u> any person to whom Confidential Information is disclosed shall, prior to any such disclosure, execute a Certificate in the form annexed hereto as Exhibit A.  Such Certificates shall be retained by Counsel of Record making such disclosure, and shall be made available to Counsel of Record for the Producing Party upon a showing of good cause.

    5. Prior to providing access to Confidential Information – Attorneys' Eyes Only or Confidential Information to Independent Advisors pursuant to Section 3(d),

    a. the Receiving Party seeking to disclose Confidential Information – Attorneys' Eyes Only or Confidential Information to an Independent Advisor shall transmit (via fax and overnight delivery) the following information to the Producing Party or Parties:

    (1) the name of the Independent Advisor;

    (2) the present employer and title of the Independent Advisor;

    (3) a résumé (or similar description) describing prior work/employment and publications of the Independent Advisor; and

    (4) a certificate in the form annexed hereto as Exhibit A, signed by the Independent Advisor, that he or she has read this Stipulation and Protective Order and agrees to be bound by its terms.

    b. Within five business days after transmittal of the information described in subsection (a), the Producing Party or Parties may object in writing (delivered via fax and overnight delivery to the Receiving Party) to the Independent Advisor if facts available to the Producing Party or Parties give it or them a good faith basis to believe that the Independent Advisor would not abide by this Order or would have a conflict.  Failure to object within five days to an Independent Advisor shall be deemed approval;

    c. If the Producing Party or Parties objects to the disclosure of Confidential Information – Attorneys' Eyes Only or Confidential Information to the Independent Advisor, the Producing Party and Receiving Party shall, within five business days from the date of the transmittal of the written notice of objection, confer and attempt to resolve the dispute.  At or before that conference, the Producing Party or Parties shall inform the Receiving Party of its or their reasons for objecting to the Independent Advisor.  If the parties cannot resolve the dispute, or if the conference does not take place, then, within five business days following the meet and confer, or, if no meet and confer takes place, within ten business days from the date of the transmittal of the written notice of objection, the Producing Party may file a motion before the Court, requesting that it be heard on an expedited basis, for an order that the Independent Advisor not be allowed access to Confidential Information – Attorneys' Eyes Only and/or Confidential Information materials and information.  No Confidential Information – Attorneys' Eyes Only

and/or Confidential Information material or information shall be disclosed to the proposed consultant until the Court resolves such a motion. These time periods are not to restrict any party from moving for a court order earlier if the circumstances so require.

6. Confidential Information and Confidential Information – Attorneys' Eyes Only shall be designated as follows:

   a. In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" on each page of any such document at the time of production or, in the alternative, by written notice within a reasonable time after production, the Producing Party may identify by Bates numbers or otherwise the documents previously produced which the Producing Party wishes to designate as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only."

   b. In the case of information produced on electronic media, such as disks, CDs, tapes, etc., designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" on the exterior of the disk, CD, tape, or other media, and such designation shall apply to all contents of the disk, CD, tape or other media.

   c. In the case of interrogatory answers or responses to requests to admit, designation shall be made in the case of confidential answers by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" on each page of any answer containing this information. Within five business days of a request to produce a redacted version of an interrogatory answer or response to requests to admit, counsel for the responding party shall transmit (via facsimile or overnight mail) to counsel for the propounding party a redacted version of the entire set of interrogatory answers or responses to requests to admit.

   d. If any party desires to submit applications, motions or other papers to the Court which include Confidential Information and/or Confidential Information Attorneys' Eyes Only it must submit such information under seal pursuant to a Court order under Civil Local Rule 79-5, which provides that:

      (1) For applications, motions or other papers submitted to the Court which include information designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by the submitting party, the submitting party must file and serve an Administrative Motion to File Under Seal, in conformance with Civil Local Rule 7-11, accompanied by a declaration establishing that the entire document, or portion thereof, is sealable and a proposed order sealing the document, or the portion of the document which is claimed to be sealable. All documents containing Confidential Information – Attorneys' Eyes Only or Confidential Information that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the

nature of the contents of the sealed envelope or other container, and the words "DOCUMENT FILED UNDER SEAL." If only portions of the document are sealable, those portions must be identified by notations or highlighting within the text. A second copy of the lodged document, or portion thereof, in an identical labeled envelope must be delivered to the Judge's chambers. If only a portion of the document is sealable, a redacted version of the document must be lodged with the Clerk.

(2) For applications, motions or other papers submitted to the Court which include information designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by any of the non-submitting parties, the submitting party must file and serve an Administrative Motion to File Under Seal, in conformance with Civil Local Rule 7-11. All documents containing Confidential Information – Attorneys' Eyes Only or Confidential Information that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, and the words "DOCUMENT FILED UNDER SEAL." If only portions of the document are sealable, those portions must be identified by notations or highlighting within the text. A second copy of the lodged document, or portion thereof, in an identical labeled envelope must be delivered to the Judge's chambers. If only a portion of the document is sealable, a redacted version of the document must be lodged with the Clerk. The designating party must, within five (5) business days of the submission to the Court by the submitting party, file a declaration establishing that the designated information is sealable, and lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required, the document or proposed filing will be made part of the public record.

Until the Court rules on the proposed order, the materials submitted under seal shall be segregated by the Court and not publicly available. Within five (5) business days of a written request to produce a redacted version of a document under seal, counsel for the filing party shall deliver to counsel for the non-filing party written notice of the specific page and lines numbers and/or exhibit numbers that contain information designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" so that counsel for the non-filing party may provide appropriately redacted copies of the filed document to individuals not approved for access to this information.

    e. In the case of deposition testimony, counsel may invoke the provisions of this Protective Order by stating on the record during a deposition, that testimony given at the deposition is designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only." Only people authorized under the terms of this Protective Order to receive "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" information shall be present during portions

of the deposition so designated. After the completion of a deposition, or session of a deposition, any party may also, in good faith within ten (10) business days of receipt of the final deposition transcript, designate any portion of the deposition as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" if not so designated previously, by giving written notice to all counsel present at the deposition and Counsel of Record. Any party may make a written request to produce a redacted version of a deposition transcript, in which case, within ten business days of the later of (a) the receipt of such request and (b) receipt of a final version of such transcript, counsel for the designating party shall deliver to counsel for the other parties (and, where applicable, the deponent) written notice of the specific page and lines numbers and/or exhibit numbers that contain information designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" so that counsel for the non-filing party may provide appropriately redacted copies of the transcript and exhibits to individuals not approved for access to such information. If any portion of a deposition is designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," that portion of the deposition record, including any referenced exhibits if they are also "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," shall be sealed and stamped with the designated degree of confidentiality, and treated pursuant to the terms of this Stipulation and Protective Order. Any deposition or portion thereof and any deposition exhibits designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" shall be treated as such until the designating party withdraws the designation (or a portion of the designation) in writing.

7. All documents and pleadings of any nature containing Confidential Information and/or Confidential Information – Attorneys' Eyes Only, and all copies thereof, shall be maintained by any person qualified to receive and to retain them under the terms of this Order, in secure facilities and in a manner intended to minimize any risk of the inadvertent disclosure thereof.

8. Any person to whom Confidential Information and/or Confidential Information – Attorneys' Eyes Only is disclosed (subject to the other terms hereof) shall treat that information in a manner reasonably calculated to preserve the confidentiality of such information.

9. In addition to the other provisions and protections provided in this Stipulation and Protective Order, the provisions of this Section 9 will govern the production and protection of source code. The parties have not yet reached agreement on the protections for source code and, thus, this section will be amended by stipulation of the parties or by order of the Court at a later date.

10. Within sixty (60) days of the conclusion of this litigation, all written materials, other than work product, containing Confidential Information and/or Confidential Information – Attorneys' Eyes Only received by the Receiving Party subject to this Stipulation and Protective Order that are in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to Counsel of Record for the Producing Party.  Counsel of Record for the Receiving Party shall be entitled to retain a single archival copy of court papers, deposition and trial transcripts and attorney work-product (including court papers, transcripts and exhibits, and attorney work-product that contain information or material designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information except pursuant to a separate written agreement with the Producing Party of the information or material. The provisions of this Stipulation and Protective Order restricting the communication and use of Confidential Information and Confidential Information – Attorneys' Eyes Only continue to be binding after the conclusion of this litigation.

11. If Counsel of Record for the Receiving Party at any time objects to the designation or continued treatment of certain information as Confidential Information and/or Confidential Information – Attorneys' Eyes Only by the Producing Party, it shall so notify Counsel of Record for the Producing Party in writing, and the parties shall then meet-and-confer within ten (10) business days from Counsel of Record for the Producing Party's receipt of the writing, in a good faith to attempt to resolve the dispute.  If Counsel of Record shall be unable to agree or meet-and-confer within that time period, it shall be the responsibility of the Receiving Party to move for an Order requiring redesignation of the information in dispute.  On any such motion, the Producing Party shall have the burden of proving that the information is properly designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only." Until an Order on such motion is obtained, the original designation by the Producing Party shall stand.

12. Nothing herein shall be deemed to restrict in any way a Producing Party's own use of Confidential Information and/or Confidential Information – Attorneys' Eyes Only

disclosed by it in this litigation.  The restrictions in this Stipulation and Protective Order shall not apply to any Confidential Information or Confidential Information – Attorneys' Eyes Only that: (1) is lawfully received free of restriction from a third-party who furnished the information other than through a breach of this Stipulation and Protective Order or other confidentiality obligation; or (2) is or becomes publicly available other than through a breach of this Stipulation and Protective Order or other confidentiality obligation.  Further, nothing in this Stipulation and Protective Order shall affect the right of the Receiving Party to transmit to its officers, directors, in-house counsel, outside counsel other than Counsel of Record, and employees material disclosed in this litigation that has not been designated Confidential Information or Confidential Information – Attorneys' Eyes Only.

13. Entering into this stipulation, and agreeing to produce, producing, or receiving Confidential Information and/or Confidential Information – Attorneys' Eyes Only or otherwise complying with the terms of this Stipulation and Protective Order shall not:

a. Operate as or constitute an admission by any Receiving Party that any particular Confidential Information or Confidential Information – Attorneys' Eyes Only contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential matter;

b. Prevent the Parties to this Stipulation and Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material; or

c. Oblige any party to produce documents, testimony, or other material it considers privileged or not subject to discovery.

14. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine or other applicable privileges during discovery in this litigation, or inadvertent disclosure of confidential information without appropriate designation, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure.  The Receiving Party shall not use and agrees to return any inadvertently produced privileged material immediately upon request, unless such privilege has been waived by some means other than the inadvertent disclosure.

15. This Stipulation and Protective Order and the procedures set forth herein shall not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute, rule or authority. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

16. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this litigation. The designation of certain information as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" pursuant to this Stipulation and Protective Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this litigation pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of confidential information.

17. If a Receiving Party in possession of confidential information receives a subpoena or other compulsory process from a non-party to this Stipulation and Protective Order seeking production or other disclosure of such confidential information during the pendency of this litigation or any time up to one year thereafter, that party shall give written and telephone notice to counsel for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory processing identifying the confidential information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the confidential information called for prior to receiving a court order or the consent of the Producing Party. In the event that such confidential information is produced to the non-party, such material shall continue to be treated as confidential by the parties to this Stipulation and Protective Order.

18. It is expressly contemplated and agreed that the terms of this Stipulation and Protective Order are applicable to confidential information submitted by a non-party, and/or produced by a non-party in connection with this litigation, and that the parties will treat all confidential information of a non-party in accordance with the terms of this Stipulation and Protective Order. In the case of third-party discovery, the Requesting Party shall inform the third-party of and provide the third-party with this Stipulation and Protective Order.

IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed as of the day and year written below.

Dated: February 8, 2006        SIMPSON THACHER & BARTLETT

                               By: _____/s/_____
                                   JEFFREY E. OSTROW
                                   HARRISON J. FRAHN IV

                               Attorneys for Plaintiff and Counter-Defendant
                                   COLLABORATION PROPERTIES, INC.


Dated: February 8, 2006        ORRICK, HERRINGTON & SUTCLIFFE LLP

                               By: _____/s/_____
                                   WILLIAM L. ANTHONY, JR.
                                   I. NEEL CHATTERJEE
                                   RORY G. BENS

                               Attorneys for Defendants and Counter-Plaintiffs
                                   TANDBERG, INC. and TANDBERG ASA


PURSUANT TO STIPULATION, IT IS SO ORDERED.  (Subject to Attached Supplemental Order)

February 9_____, 2006        _____
                              HONORABLE MARILYN H. PATEL, USDC

*GRANTED — Judge Marilyn H. Patel — United States District Court, Northern District of California [seal/stamp]*

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATION PROPERTIES, INC., a Nevada corporation,<br><br>　　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>TANDBERG ASA, and TANDBERG, INC., a Delaware corporation,<br><br>　　　　　Defendants/Counter-Plaintiffs. | Case No. CV 05-01940 MHP<br><br>**CONFIDENTIALITY AGREEMENT** |

　　　　I, _____, hereby acknowledge that I have read and understand the attached Confidentiality Stipulation and Protective Order.  I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Stipulation and Protective Order.  I understand that these promises are conditions precedent to my receipt of any such information.

　　　　I hereby submit to the jurisdiction of the United States District Court for the Northern District of California, San Francisco Division, for the purpose of enforcing the terms of this Agreement.

Dated: _____

_____
Signature

_____
Name Typed or Printed

_____
Street Address

_____
City. State, Zip Code

CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER
Case No. CV 05-01940 MHP