**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT

8
NORTHERN DISTRICT OF CALIFORNIA

9
COLLABORATION PROPERTIES, INC., a Nevada          No. C 05-01940 MHP
Corporation,

10

11
                    Plaintiff,

12
        v.                                        **MEMORANDUM & ORDER**
                                                  **Re: Motion for Leave to File**
13
TANDBERG ASA, and TANDBERG, INC., a               **Amended Answer and**
Delaware Corporation,                             **Counterclaims**

14
                    Defendants.

15

16

17
        Plaintiff Collaboration Properties, Inc. ("CPI") filed this action against defendants Tandberg

18
ASA and Tandberg, Inc. (collectively, "Tandberg"), alleging infringement of U.S. Patent Nos.

19
5,867,654, 5,896,500 and 6,212,547.  The asserted patents relate generally to videoconferencing

20
hardware and software.  Now before the court are several motions, including Tandberg's motion for

21
leave to file an amended answer and counterclaims.  Having considered the parties' arguments and

22
submissions, and for the reasons set forth below, the court enters the following memorandum and

23
order.

24

25
BACKGROUND[1]

26
        Tandberg distributes and sells teleconferencing products, including videoconferencing

27
hardware and software.  CPI is a patent holding company; CPI is also the wholly owned subsidiary

28
                                                  1

United States District Court

For the Northern District of California

1  of Avistar Communications Corp., which competes with Tandberg.  From 1997 to 2003 Tandberg

2  supplied Avistar with certain components used in Avistar's videoconferencing products.  During the

3  course of their business relationship, Tandberg and Avistar entered into a supplier agreement (the

4  "supplier agreement") which, according to Tandberg, insulate Tandberg from liability in this

5  lawsuit.

6  　　　　The relationship between Tandberg and Avistar ended in 2003, and CPI filed this lawsuit on

7  May 11, 2005.  Following an initial case management conference, CPI served Tandberg with its

8  preliminary infringement contentions, pursuant to Patent Local Rule 3-2, on September 26, 2005.

9  Tandberg responded with its preliminary invalidity contentions, pursuant to Patent Local Rules 3-3

10 and 3-4, on November 29, 2005.  The parties exchanged preliminary claim construction materials on

11 December 23, 2005 and filed a voluminous joint claim construction statement with this court on

12 February 3, 2006.  By prior order of this court, the parties are limited to ten disputed claim terms.

13 　　　　On November 21, 2006, after CPI served its preliminary infringement contentions but before

14 Tandberg served its preliminary invalidity contentions, the Federal Circuit decided IPXL Holdings,

15 L.L.C. v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005).  In IPXL Holdings, the court held that

16 a claim reciting "both a system and the method for using that system" is invalid for indefiniteness

17 under 35 U.S.C. section 112, paragraph 2.  Id. at 1384.  The court further noted that the question it

18 decided was an issue of first impression in the Federal Circuit.  In light of the ruling in IPXL

19 Holdings, the parties filed motions seeking leave to file amended infringement and invalidity

20 contentions.  Both motions are opposed.

21 　　　　On January 13, 2006 Tandberg filed a motion for summary judgment, alleging that it is

22 licensed to practice the asserted patents under the supplier agreement (Tandberg's "license

23 defense").  Specifically, Tandberg alleges that the supplier agreement contains a covenant not to sue

24 which extends to all of Avistar's later-acquired patents and to all of Tandberg's present and future

25 products.  Simultaneously, Tandberg moved for leave to amend its answer and counterclaims to

26 include the license defense and to add Avistar as a party.  On February 24, 2006 Tandberg filed a

27 second motion for summary judgment, alleging a defense of release based on a separate agreement

28 with Avistar (Tandberg's "release defense").  Tandberg did not separately move to amend its answer

2

United States District Court

For the Northern District of California

1   and counterclaims to include the release defense, but requested at oral argument that the court permit

2   it to do so.  The parties have agreed to stay both motions for summary judgment pending discovery

3   related to the agreements, and pending this court's resolution of Tandberg's motions for leave to

4   amend its answer and counterclaims.

5

6   LEGAL STANDARD

7       The Federal Rules of Civil Procedure provide that leave to amend be "freely given when

8   justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has construed Rule 15(a) broadly,

9   requiring that leave to amend be granted with "extraordinary liberality."  Morongo Band of Mission

10  Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990); see also DCD Programs, Ltd. v. Leighton,

11  833 F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy of favoring amendments to pleadings should be

12  applied with "extreme liberality"); Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,

13  989 F. Supp. 1237, 1241 (N.D. Cal. 1997) (Jensen, J.) ("[T]he court must be very liberal in granting

14  leave to amend"); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy

15  permitting amendment").

16      Despite this liberal policy of amendment, leave will not be given where the district court has

17  "a substantial reason to deny" the motion.  J. W. Moore et al., Moore's Federal Practice ¶ 15.14[1]

18  (3d ed. 1998) ("district judge[s] should freely grant leave to amend when justice requires, absent a

19  substantial reason to deny").  The court may decline to grant leave where there is "any apparent or

20  declared reason" for doing so.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Lockman Found.

21  v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

22      The Ninth Circuit has interpreted Foman as identifying "four factors relevant to whether a

23  motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive,

24  futility of amendment, and prejudice to the opposing party."  United States v. Webb, 655 F.2d 977,

25  980 (9th Cir. 1981); see also Poling, 829 F.2d at 886.  The enumerated factors are not of equal

26  weight, and delay alone is insufficient reason to deny leave to amend.  Webb, 655 F.2d at 980 (citing

27  Howey v. United States, 481 F.2d 1187 (9th Cir. 1973)).  On the other hand, "[p]rejudice to the

28  opposing party is the most important factor."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th

3

**United States District Court**
For the Northern District of California

1  Cir. 1990).  The party opposing leave to amend bears the burden of showing prejudice.  DCD

2  Programs, 833 F.2d at 187.  Futility alone can also justify the denial of a motion to amend.  Bonin v.

3  Calderon, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996).

4

5  DISCUSSION

6  CPI opposes Tandberg's proposed amendment on the grounds that it is unjustifiably delayed,

7  prejudicial, and futile.

8

9  I.  Futility

10  The court has already ruled at the hearing for this motion that Tandberg's release defense is

11  utterly meritless, as it is based on an agreement arising out of wholly unrelated litigation between

12  CPI and another of Avistar's competitors.  Because the release defense is meritless, the court denies

13  Tandberg leave to amend its answer to include that defense.  The court will therefore limit the

14  remainder of this order to considering whether Tandberg should be permitted to add its license

15  defense, which is not frivolous on its face.

16  II.  Delay

17  CPI argues that Tandberg has been in possession of the agreements and other documents

18  underpinning its license defense since long before this litigation commenced, and that the delay in

19  asserting the defense is unjustified.  Tandberg does not offer any reasonable explanation for why it

20  failed to assert the license defense in its original answer.  Instead, Tandberg points out that in the

21  cases cited by CPI the party opposing amendment stood to suffer substantial prejudice as a result of

22  amendment.  See Parker v. Joe Luhan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) ("the granting

23  of the motion to amend would have substantially prejudiced the appellees.").

24  Tandberg is correct that delay alone is generally an insufficient basis for denying leave to

25  amend.  See Webb, 655 F.2d at 980.  Nonetheless, unexcused delay serves as an additional factor

26  weighing against granting leave to amend when other factors are present.  The court is troubled by

27  the lack of explanation for Tandberg's failure to include the defense in its original answer and

28  4

1   counterclaims, but, as discussed below, finds that a sanction other than preclusion is appropriate.

2   III.   Prejudice

3       CPI argues that the late addition of Tandberg's license defense—which is the basis for

4   Tandberg's potentially dispositive motion—has prejudiced CPI by causing CPI to engage in

5   potentially needless claim construction and infringement analysis in support of its infringement

6   claims.  CPI also argues that it will suffer prejudice as a result of having to conduct additional

7   discovery in order to address and respond to Tandberg's motion for summary judgment.

8       With respect to CPI's first argument, the court agrees that the delay in asserting the license

9   defense may have caused unnecessary work.  This lawsuit will not proceed to adjudication of the

10  parties' infringement and invalidity contentions if Tandberg is in fact completely insulated from

11  liability.  Moreover, resolution of the license defense does not appear to depend on construction of

12  the disputed terms of the patent—the focus of much of the potentially wasted work.  To the extent

13  that CPI has expended resources preparing claim construction, infringement and validity arguments

14  that will never be used, it may have suffered past prejudice.

15      With respect to CPI's second argument, the court does not find that CPI will incur a

16  significant additional burden in opposing Tandberg's currently pending motion.  Despite CPI's

17  protest that it is a small company with limited resources, litigation cost does not appear to be a factor

18  governing the parties' behavior in this case.  CPI repeatedly asserts that it has prepared an 850-page

19  set of preliminary infringement contentions.  The parties' joint claim construction statement weighs

20  in at more than 300 pages, including exhibits.  There are currently at least six motions pending

21  before the court, two of which are directly attributable to CPI.  In light of this profligate use of

22  highly paid attorneys, the future burden associated with the license defense—at present, two

additional depositions—is inconsequential by comparison.

23      Given that CPI may have suffered some past prejudice attributable to wasted work, the

24  question remains whether precluding CPI from asserting its license defense is the appropriate

25  remedy.  Several factors weigh against denying leave to amend outright.  This litigation is currently

26  less than ten months old, and fact discovery will not close for at least six more months.  The

27  prejudice asserted by CPI relates to costs and efforts that are already in the past.  In contrast, the

28                                    5

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  potential benefit to the parties and the court from allowing Tandberg's license defense to proceed is

2  substantial. Claim construction in this case is likely to be quite costly for both the parties and the

3  court, as evidenced by the already-unwieldy stack of paper currently before the court. In addition,

4  despite Tandberg's assertion of its license defense, CPI still wishes to proceed with claim

5  construction, which requires that it amend its 850-page infringement contentions in order to address

6  IPXL Holdings. Doing so will inevitably cause some of the work CPI has already done to be

7  wasted, and will delay claim construction and the end of discovery. Thus, CPI is partly responsible

8  for the prejudice it seeks to attribute to Tandberg's actions.

9       To compensate CPI for the prejudice suffered, after adjudication of the license defense the

10  court will permit CPI to file a motion requesting sanctions. Subject to the preceding qualification

11  and the further condition set forth infra, Tandberg's motion for leave to amend its answer and

12  counterclaims to include the license defense is therefore granted.

13  III.    Addition of Avistar As a Party

14       In addition to adding the license defense, Tandberg seeks to add state law contract and tort

15  counterclaims against Avistar based on Avistar's alleged breach of the supplier agreement forming

16  the basis for the license defense. Tandberg argues that Avistar is CPI's alter ego, and therefore may

17  be made a party to this lawsuit without regard to any specific rule governing joinder. In the

18  alternative, Tandberg argues that joining Avistar is necessary because Avistar has an interest in the

19  asserted patents and because Avistar is a signatory to the agreements forming the basis of

20  Tandberg's license defense. Tandberg further notes that Avistar was successfully joined under

21  similar circumstances in another lawsuit previously brought in this district. See Collaboration

22  Properties, Inc. v. Polycom, Inc., No. 02-04591 (N.D. Cal., filed Sep. 23, 2002) (Chesney, J.).

23       CPI argues that the state law claims against Avistar are not related to the patent claims

24  currently being litigated. CPI also notes that Tandberg has recently filed a patent infringement suit

25  against Avistar in the Eastern District of Texas, and argues that the addition of Avistar to this

26  lawsuit will needlessly compound the litigation.

27       Joinder under Rule 20 is appropriate where the plaintiff or counterclaimant asserts a right to

28                                     6

relief arising out of the same transaction and occurrence, and where some question of law or fact common to all plaintiffs or counterdefendants will arise in the action. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000). Here, the breach of contract and other state law claims arise out of the same agreements that form the basis of Tandberg's license defense. Both the license defense and the breach of contract claim will require the court to determine whether the agreements in question continue to have legal force. Joinder is therefore permissible.[2]

Joinder under Rule 20 is permissive, however, and the court is free to limit the joinder in a manner that serves the interests of justice. See Fed. R. Civ. P. 20(b) (authorizing the court to "make other orders to prevent delay or prejudice"); Desert Empire Bank v. Insurance Co. of No. Am., 623 F.2d 1371, 1375 (9th Cir.1980) (holding that a trial court should "examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principle of fundamental fairness."); Wynn v. National Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002) (noting that the requirements of Rule 20 "must be satisfied in order to allow for joinder under Rule 20(a), however, even if these requirements are satisfied, there is no requirement that the parties must be joined."). Here, the court is greatly troubled by the potential for mischief and wasted resources created by the parallel litigation in Texas. Allowing the two disputes to proceed in parallel will only add to the financial burden on the parties, as well as the burden on the resources of the court. In addition, as CPI observes, allowing the litigation to proceed on two fronts invites gamesmanship, as the parties to each suit may seek delay for strategic reasons. The court will therefore grant leave for Tandberg to amend its answer and counterclaims to include the license defense and to add Avistar as a party only if Tandberg dismisses its Texas action against Avistar and adds its patent claims against Avistar as counterclaims in this lawsuit.

IV.    Other Pending Motions

The parties raised a host of additional disputes during the course of the hearings for the instant motions. The court addressed each dispute at oral argument, considering the merits of both parties' arguments. The court's previously issued rulings are summarized below.

(1)  Both parties are permitted to amend their preliminary infringement or invalidity

7

contentions in light of <u>IPXL Holdings</u>.  CPI shall serve its amended preliminary infringement contentions within two weeks of the March 6, 2006 hearing.  Tandberg shall serve its amended preliminary invalidity contentions within two weeks of being served with CPI's updated infringement contentions.

(2)  CPI's motion to compel production of Tandberg's source code, subject to a protective order, is granted.  The precise scope of the protective order is addressed in a separate order issued herewith.

(3)  CPI's motion to compel production in the United States of certain outdated Tandberg videoconferencing systems is denied.  CPI and its experts are instructed to travel to Norway for inspection and investigation of the historical Tandberg systems.  Tandberg is ordered to make the systems available for inspection and to provide reasonable assistance to CPI in their use.

**United States District Court**
For the Northern District of California

8

1   CONCLUSION

2        For the above reasons the court hereby conditionally GRANTS Tandberg's motion for leave

3   to amend its answer and counterclaims to include its license defense and to add Avistar as a party,

4   subject to the conditions set forth above.  The court DENIES Tandberg's motion for leave to amend

5   its answer and counterclaims to include its release defense.  The court GRANTS both parties'

6   motions for leave to serve amended infringement and invalidity contentions.  The court GRANTS

7   CPI's motion to compel production of Tandberg's source code.  Finally, the court DENIES CPI's

8   motion to compel production in the United States of Tandberg's obsolete videoconferencing

9   systems.

10

11        IT IS SO ORDERED.

12

13

14   Date: March 28, 2006

15                                                          MARILYN HALL PATEL
                                                            United States District Judge
16                                                          Northern District of California

17

18

19

20

21

22

23

24

25

26

27

28

9

ENDNOTES

1. Unless otherwise noted, background facts are taken from CPI's Complaint and the parties' Joint Case Management Statement.

2. As the court grants Tandberg's motion under Rule 20, it need not consider the merits of Tandberg's alter ego argument.

**United States District Court**

For the Northern District of California

10