UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLLABORATION PROPERTIES, INC., a Nevada corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>TANDBERG ASA, and TANDBERG, INC., a Delaware corporation,<br><br>　　　　Defendants/Counter-Plaintiffs. | Case No. C 05-01940 MHP<br><br>[PROPOSED] ORDER GRANTING IN PART COLLABORATION PROPERTIES, INC.'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE, DENYING TANDBERG, INC. AND TANDBERG ASA'S CROSS-MOTION FOR PROTECTIVE ORDER AND AMENDING THE FEBRUARY 13, 2006 CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

　　　　Having considered the related pleadings and the arguments of counsel for Tandberg ASA and Tandberg, Inc. (collectively, "Tandberg") and Collaboration Properties, Inc. ("CPI"), and good cause appearing, CPI's Motion to Compel Production of Source Code is hereby GRANTED IN PART and Tandberg's Cross-Motion for Protective Order is DENIED.

　　　　IT IS HEREBY ORDERED THAT the text of Section 9 of the February 13, 2006 Confidentiality Stipulation and Protective Order is superseded by the following:

　　　　In addition to the other provisions and protections provided in the Protective Order, the provisions of this Section 9 will govern the production and protection of source code:

　　　　a.　one electronic copy of all source code produced shall be provided to CPI's attorneys, on a compact disk or set of compact disks or similar portable electronic media ("compact disks"), labeled as appropriate under this Protective Order and additionally labeled "SOURCE CODE;"

　　　　b.　when not in use, the electronic copy of the source code shall be kept by Kendyl Román, CPI's expert, in a safe in the interior room of his office or by CPI's attorneys in a safe in their office;

[PROPOSED] ORDER GRANTING IN PART CPI'S MOTION
TO COMPEL PRODUCTION OF SOURCE CODE
CASE NO. C 05-01940 MHP

  c. the source code shall be in a file format that is readable and searchable on a standard Windows PC, and any software other than standard off-the-shelf PC applications that may be necessary to view the source code will be provided to CPI's attorneys or Mr. Román upon request;

  d. the source code on the compact disks may not be copied, electronically or otherwise, or in any other way transferred in whole or in part onto other electronic storage devices or electronic storage media except that Mr. Román may create one (1) hard-drive on a non-networked computer containing, in uncompressed format, all of the source code produced, which will be subject to all of the other provisions herein. If Mr. Román has been designated as a testifying expert by CPI, then within sixty (60) days of the conclusion of the litigation, the hard-drive containing Tandberg's source code will, at Tandberg's election, either be delivered to Tandberg or erased by performing a multi-pass, multi-pattern wipe of the hard-drive in accordance with the United States Department of Defense regulations for erasure of sensitive files from hard-drives. If Mr. Román has not been designated as a testifying expert by CPI, then within sixty (60) days of the conclusion of the litigation, the hard-drive containing Tandberg's source code will be erased by performing a multi-pass, multi-pattern wipe of the hard-drive in accordance with the United States Department of Defense regulations for erasure of sensitive files from hard-drives and, at Tandberg's election, the blank hard-drive, along with a declaration by Mr. Román describing the process of erasing the hard-drive, will be delivered to Tandberg;

  e. CPI's attorneys or Mr. Román may make three (3) hard-copies of the source code to be employed for the purposes of creating exhibits to Mr. Román's report, deposition exhibits, or exhibits submitted to the Court, with all materials submitted to the Court being lodged under seal pursuant to Section 6(d). However, if additional hardcopies of portions of the source code are necessary for the purposes of creating exhibits to Mr. Román's report, deposition exhibits, or exhibits submitted to the Court, the parties will cooperate to seek appropriate amendment of this Order.

  f. any additional copies of source code will be subject to all of the other provisions herein, and, at the conclusion of this litigation, must be destroyed or returned to Tandberg pursuant to Section 10;

  g. additionally, for each hardcopy printout, CPI's attorneys or Mr. Román will maintain an accurate log of creation, possession, and destruction, which shows the date on which any hardcopy printouts were created, which compact disk(s) such hardcopy printouts were created from, who had access to such hardcopy printouts, and the date on which such hardcopy printouts were destroyed together with the name of the party who caused their destruction;

  h. the source code on the compact disks and hardcopy printouts may only be viewed by CPI's outside attorneys and Mr. Román;

  i. the source code on the compact disks may only be viewed in electronic format on a non-networked, stand-alone computer;

  j. for each copy of each compact disk, and for each hardcopy printout created, CPI's attorneys or Mr. Román shall maintain an accurate log of possession, which shows the date on which any disks or printouts were "checked out" or "checked in" by any of CPI's attorneys or Mr. Román, together with their name(s); and

[PROPOSED] ORDER GRANTING IN PART CPI'S MOTION
TO COMPEL PRODUCTION OF SOURCE CODE
CASE NO. C 05-01940 MHP    2

      k.   all compact disks and existing printouts, except those lodged with the Court, together with a copy of each log created, will be returned by CPI's attorneys or Mr. Román to Tandberg within sixty (60) days of the conclusion of this litigation pursuant to Section 10.

      IT IS HEREBY FURTHER ORDERED THAT Tandberg produce to CPI by April 18, 2006 all Tandberg source code necessary to operate each of the accused products in a videoconference and the identity of all third parties who own source code and license it to Tandberg for use in the accused products, a description of the functionality provided by such source code, and the identity of each accused product that utilizes such licensed source code.

      IT IS HEREBY FURTHER ORDERED THAT within two business days of the entry of this order Tandberg will provide notice to all third parties from which it licenses source code informing them that the Court has ordered Tandberg to produce all source code necessary to operate each of the accused products in a videoconference and, thus, Tandberg will have to produce, under the protections of the protective order in this case as amended hereby, their source code licensed to Tandberg if CPI determines that such production is necessary for its analysis of the operation of the accused Tandberg products.  The notice shall also inform the third party licensors that, if CPI requests the production of their source code, Tandberg will notify the third party licensors within two business days of such request that Tandberg will produce such source code within three weeks of CPI's request unless the third party seeks a protective order prohibiting such production.  Tandberg shall provide CPI copies of all correspondence with third party licensors regarding this matter.

      IT IS HEREBY FURTHER ORDERED THAT Tandberg will produce such third party source code within three weeks of CPI's request for the production of such third party source code unless the third party seeks a protective order prohibiting such production.

      IT IS SO ORDERED.

Dated: April 18, 2006



_____
Honorable
United

Judge Marilyn H. Patel

[PROPOSED] ORDER GRANTING IN PART CPI'S MOTION
TO COMPEL PRODUCTION OF SOURCE CODE
CASE NO. C 05-01940 MHP      3