UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLABORATION PROPERTIES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TANDBERG ASA, and TANDBERG, INC., a Delaware Corporation,<br><br>Defendants. | No. C 05-01940 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion for Leave to Seek Reconsideration** |

Plaintiff Collaboration Properties, Inc. ("CPI") filed this action against defendants Tandberg ASA and Tandberg, Inc. (collectively, "Tandberg"), alleging infringement of U.S. Patent Nos. 5,867,654 (the "'654 patent"), 5,896,500 (the "'500 patent") and 6,212,547 (the "'547 patent"). The asserted patents relate generally to videoconferencing hardware and software. Now before the court is Tandberg's motion for leave to seek reconsideration of this court's previous order granting in part Tandberg's motion to amend its answer and counterclaims. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Tandberg distributes and sells teleconferencing products, including videoconferencing hardware and software. CPI is a patent holding company; CPI is also the wholly owned subsidiary of

Avistar Communications Corp., which competes with Tandberg. CPI owns the three patents at issue in this lawsuit.

The facts underlying the instant motion are already set forth in the court's previous order conditionally granting Tandberg leave to file an amended answer and counterclaims, but certain key facts bear repeating. From 1997 to 2003 Tandberg supplied Avistar with certain components used in Avistar's videoconferencing products. Tandberg and Avistar entered into a supplier agreement which governed their relationship as supplier and purchaser. The relationship subsequently deteriorated, and the supplier agreement was cancelled in March 2005. CPI then filed this lawsuit on May 11, 2005.

Tandberg filed its original answer and counterclaims on July 15, 2005. Despite Tandberg's awareness of the past relationship between Tandberg and Avistar, Tandberg did not assert any defense or counterclaims based on the supplier agreement in its July 15 answer.

Without first seeking leave to amend its answer, on January 13, 2006 Tandberg filed a motion for summary judgment claiming that Tandberg is licensed to practice the asserted patents under the supplier agreement. Tandberg simultaneously moved to amend its answer and counterclaims to add the license defense, as well as a number of counterclaims against Avistar related to alleged breaches of the supplier agreement.

On January 30, 2006 a Tandberg subsidiary, Tandberg Telecom AS, filed a patent infringement lawsuit against Avistar in the Eastern District of Texas. The asserted patents in the Texas lawsuit also involve videoconferencing technology, and the same attorneys represent the parties in both lawsuits.

This court granted Tandberg's motion for leave to amend its answer and counterclaims, subject to certain reservations and conditions. The court noted Tandberg's substantial and unexplained delay in seeking to amend its answer, as well as the potential prejudice to CPI resulting from CPI's pursuit of the merits of its infringement case without the knowledge that Tandberg intended to assert the license defense. The court also noted the large potential for mischief flowing from having litigation between the parties divided between two courts. Having identified substantial

2

reasons for denying leave to amend—unexplained delay, prejudice, and detriment to the just and efficient operation of the courts—the court conditioned leave to amend on Tandberg's voluntary consolidation of the Texas action with the lawsuit in this court.

Tandberg declined to do so and subsequently sought reconsideration of this court's decision to impose conditions on amendment of Tandberg's answer. The parties appeared before the court on May 24, 2005 for a Markman hearing. At the hearing, the court proposed an alternate path to amendment: allowing amendment provided that Avistar, once joined in this lawsuit, be permitted to bring declaratory judgment claims corresponding to the patent infringement claims in the Texas action. The parties submitted supplemental briefing on the feasability of the court's proposal. In the supplemental briefing, Tandberg repeated its unwillingness to subject Tandberg Telecom AS to the jurisdiction of this court. CPI conceded that, absent consent to jurisdiction, it cannot establish personal jurisdiction over Tandberg Telecom AS, which is a prerequisite for bringing declaratory judgment counterclaims. Having clarified that Tandberg will not voluntarily allow the actions to be consolidated in this court, the court turns to the merits of Tandberg's motion for leave to seek reconsideration.

DISCUSSION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Tandberg does not suggest that there is newly discovered evidence or a change in law warranting reconsideration. Instead, Tandberg lists eight purported errors in the court's order. The first seven alleged errors relate to the fairness of compelling Tandberg Telecom AS to pursue its litigation against Avistar in this court. The eighth alleged error relates to the court's supposed characterization of the inclusion of the license defense as "permissive" under Federal Rule of Civil Procedure 20. The court considers both groups of errors in turn.

3

I.      Fairness

Tandberg argues that excluding the license defense from this litigation is unfair because CPI has already taken the discovery necessary to oppose the defense, and because the defense will potentially dispose of the entire litigation. Tandberg also argues that it is unfair and potentially inefficient to require Tandberg Telecom AS to appear in this court.

Fairness to Tandberg, however, is not the primary concern (or even one of the enumerated factors) in considering whether granting leave to amend is appropriate. United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) (listing the "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."). Concern for fairness to the moving party is already incorporated into the presumption in favor of amendment. Here, the court has found undue delay, prejudice and frustration of the efficient administration of justice sufficient to overcome that presumption and to support a denial of leave to amend. The court's concerns about gamesmanship have not diminished, particularly in light of Tandberg's ongoing aggressive and arguably frivolous motion practice. Notwithstanding the grounds for denial, the court granted leave to amend subject to a reasonable condition. Any denial of leave to amend has consequences; here, the consequence is that Tandberg is unable to assert its license defense on precisely the terms that it wishes. Tandberg's fairness arguments are therefore misplaced.

To the extent that Tandberg argues, more narrowly, that the condition imposed is too restrictive, the argument is unavailing because courts have broad power to impose reasonable conditions on amendment. Firchau v. Diamond Nat'l Corp., 345 F.2d 269, 275 (9th Cir. 1965) (upholding requirement of reasonable compensation for prejudice attributable to delay in amendment); Cordon Art B.V. v. Walker, No. 95-00863, 1996 WL 672969, at *8 (S.D. Cal. Aug. 19, 1996), amended on other grounds by 1996 WL 761781 (S.D. Cal. Nov 19, 1996) ("It is within the court's discretion to impose conditions when granting permission to amend a complaint."); Parissi v. Foley, 203 F.2d 454, (2d Cir. 1953), rev'd on other grounds, 349 U.S. 46 (1955) (upholding requirement that the defendant waive the right to a jury trial in order to obtain amendment). The

4

condition imposed in this case—transfer to a venue where the very same attorneys are already employed—is less severe than monetary sanctions or elimination of the jury trial right.

The condition imposed, moreover, is a reasonable prophylactic against abusive litigation tactics. This court is not alone in its concern over gamesmanship in the selection of forum for patent litigation. For several years, commentators have lamented the effect of the broad patent venue provisions, which provide for venue in any district where there is personal jurisdiction over the defendant:

> The lack of uniformity in patent enforcement is problematic in and of itself. The concern this inconsistency generates is greatly magnified when the patent holder has unfettered choice among the ninety-four district courts--escalating inconsistency into unpredictability. With increasingly national and international competition among products, the patent jurisdiction and venue statutes allow plaintiffs to bring their patent suits in virtually any district in the country. Providing plaintiffs with so many potential venues for bringing suit increases the ability of parties to forum shop. Much effort and expense result from the ability of parties to forum shop. The prevalence of forum shopping is a direct by-product of the existing statutory framework.

Kimberly A. Moore, Forum Shopping in Patent Cases: Does Geographic Choice Affect Innovation?, 83 J. Pat. & Trademark Off. Soc'y 558, 561 (2001); see also Michael J. Meurer, Controlling Opportunistic and Anti-Competitive Intellectual Property Litigation, 44 B.C. L. Rev. 509, 530 (2003) (noting that the choice of forum has an effect on the likelihood of success in patent litigation); Edited & Excerpted Transcript of the Symposium on Ideas into Action: Implementing Reform of the Patent System, 19 Berkeley Tech. L.J. 1053, 1108 (2004) ("Today one of the most popular patent courts is the Eastern District of Texas, the town of Marshall, Texas—not a technology center. And without a lot of cynicism, I promise you, people go there to get the least educated jury panels possible.").

Another phenomenon resulting in the unnecessary multiplication of litigation is the creation of patent holding subsidiaries by parent companies. This is the situation here. The action brought in this court is brought by the patent holding company of Avistar; the action in the Eastern District of Texas is brought by the patent holding company of the defendant in this action, Tandberg ASA. In this configuration the holding company holds the patent rights and is free to sue for infringement without fear of infringement counterclaims by the competitor it is suing. The competitor via its

5

holding company then brings an action in another jurisdiction, suing the parent or other infringing member of the competitor's family of companies. Conveniently, the holding company is organized and has its principal place of business in a jurisdiction or jurisdictions different from the parent or other infringing family member and cannot be subject to personal jurisdiction in the same jurisdiction as the alleged infringer. Predictably, this results in multiple lawsuits which essentially are between the same parties. Thus, the ability to conduct litigation in an efficient, economical manner consistent with Rule 1 of the Federal Rules of Civil Procedure is thwarted.

A proposed amendment to the Patent Reform Act of 2005, which is currently pending before Congress in its original form, would eliminate venue based solely on the availability of personal jurisdiction. See Amendment in the Nature of a Substitute to H.R. 2795 (Patent Reform Act of 2005), available at http://patentlaw.typepad.com/patent/2005/08/patent_reform_a.html. Based on the concerns stated by these commentators, as well as the evidence of gamesmanship in this case, the court finds its condition on amendment to be manifestly reasonable.

Tandberg's request for reconsideration based on notions of fairness is therefore denied.

II.   Permissive Joinder of Avistar

Tandberg also argues that the court mischaracterized its license defense as "permissive." To the contrary, the court's order noted that joinder of Avistar in order to assert the breach of contract claims is permissive. Moreover, the fact that a counterclaim or defense may be compulsory does not mean that amendment is available as of right. The four-factor test set forth in Webb still applies. Tandberg's motion for leave to seek reconsideration on this basis is therefore denied.

CONCLUSION

For the foregoing reasons, Tandberg's motion for leave to seek reconsideration is DENIED.

IT IS SO ORDERED.

Dated: June 27, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

6